```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH AND PATRICIA TUCHRELLO,

                         Plaintiff,           05-CV-6110T

              v.                              DECISION
                                              and ORDER
UNITED STATES DEPARTMENT OF AGRICULTURE,

                         Defendants.
_____
```

Plaintiffs Joseph and Patricia Tuchrello bring this action against the United States Department of Agriculture ("the Department") seeking review of a Final Determination issued by the Department on March 25, 2004. That Final Determination, which was reissued on September 14, 2004, rejected plaintiffs' claims that their civil rights had been violated by the Department and various employees of the Farm Service Agency ("FSA")(the successor of the Farmers Home Administration ("FmHA")) in connection with loans made to the plaintiffs by the FmHA. Specifically, the plaintiffs contended in their underlying administrative complaint that they were discriminated against on the basis of their Italian national origin, and the fact that they received public assistance. The plaintiffs further claimed that they were retaliated against for complaining of discrimination.

In the instant action, plaintiffs contend that the Department wrongfully denied their claims of discrimination, and ask this court to reverse the Department's determination. Defendant moves to dismiss plaintiffs' Complaint on grounds that the plaintiffs'

claims are barred by the doctrine of res judicata.  Specifically, the defendant alleges that plaintiffs are not entitled to a review of the Department's determination because the claims raised in the administrative proceeding before the Department had been raised and dismissed, or could have been raised, in previous federal litigation.  In support of this argument, the defendant claims that plaintiffs' discrimination claims were raised or could have been raised in J. Tuchrello v. Farmers Home Administration, 92-CV-6334 (filed August 4, 1992);  and in House v. Larimer, 95-CV-6455 (filed September 14, 1995), and that because the claims in those actions were dismissed on the merits, plaintiffs may not in this case seek review of the Department's administrative decision denying those discrimination claims.

For the reasons set forth below, I grant defendant's motion to dismiss, and dismiss plaintiff's Complaint with prejudice.

BACKGROUND

Plaintiffs Joseph and Patricia Tuchrello are family farmers who, defaulted on loans obtained through the FmHA.  In August, 1992, the plaintiffs filed an action in federal court against the FmHA and several of its employees, alleging among other things, that the named defendants violated plaintiffs' rights under the First, Fourth, Fifth, Seventh, Thirteenth, Fourteenth, and Fifteenth Amendments to the Constitution, the Securities Acts of 1933 and 1934, the Rural Industrial Assistance Act of 1986, the Farm Credit Act of 1971 as amended by the Agricultural Credit Technical Corrections Act of 1988, and the Farm Credit Act

Amendments of 1986, sections 1981, 1983, 1985, 1986, and 1994 of the Civil Rights Acts, the Equal Credit Opportunity Act, and 28 U.S.C. § 453 (the oath of office for federal judges). That case, along with several others filed by family-farmers in the same situation as the plaintiffs, was heard in this District by United States District Court Judge G. David Larimer. On November 10, 1993, Judge Larimer dismissed the plaintiffs' complaint with prejudice, and ordered plaintiffs to show cause why sanctions should not be imposed against them due to their filing of a frivolous Complaint and several frivolous motions. The dismissal of plaintiffs' complaint was affirmed by the Second Circuit Court of Appeals on August 30, 1994, and thereafter, by Order dated September 11, 1995, Judge Larimer imposed sanctions of $3,000.00 on the plaintiffs.

Three days after sanctions were imposed on the plaintiffs, they, along with several other parties who had had their cases dismissed, filed a new action. House v. Larimer, 95-CV-6455 (filed September 14, 1995). The new action not only repeated all of the claims that had been dismissed by Judge Larimer in the previous action, but added Judge Larimer as a defendant. By Order dated March 21, 1996, I dismissed plaintiffs' Complaint as barred by the doctrine of res judicata, and judicial immunity.

Nine months after plaintiffs' second federal case was dismissed, plaintiffs brought an administrative action against the Department of Agriculture seeking a determination that they had been discriminated against with respect to the processing and handling of their FmHA loans. The administrative action was

commenced by the Department on the basis of two letters sent by the plaintiffs to the Department, dated January 21, 1997, and January 22, 1997.  In the January 21, 1997 letter, the Tuchrello's referenced the federal case they had filed before Judge Larimer, and indicated that the violations cited in that complaint "all but ruined [their] farm operation." Plaintiffs additionally complained that their loan had been transferred to several different FmHA offices causing them inconvenience, and that the FmHA had unfairly forced them to pay their brother's debts.  In the second letter, plaintiffs again referenced and attached the federal complaint filed before Judge Larimer, and claimed that the alleged violations stated in that complaint violated their civil rights.  Plaintiffs additionally complained that their accounts had been transferred between three different FmHA offices, causing them hardship, inconvenience, and economic loss.  In addition to the two January, 1997, letters, plaintiffs filed a formal discrimination complaint with the Department in 1999 which alleged that the plaintiffs had been discriminated against on the basis of actions that took place in 1982 through 1993.

On March 24, 2004, the Department issued a Final Determination dismissing plaintiffs' complaints on grounds that plaintiffs' claims were barred by the doctrine of res judicata.  Specifically, the Department held that because the plaintiffs were raising the same issues in the administrative proceedings as they had in the federal case before Judge Larimer, the fact that Judge Larimer had

dismissed those claims barred the plaintiffs from relitigating their claims before the Department in an administrative complaint. The Final Determination was reissued on September 14, 2004 due to the fact that the original Final Determination had not been timely mailed to the parties. Plaintiffs filed the instant action on March 11, 2005.

## DISCUSSION

### I.  Defendants' Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of the Complaint where the plaintiff has failed to state a claim upon which relief can be granted. When evaluating a Rule 12(b)(6) motion, the court must ascertain, after presuming all factual allegations in the pleading to be true and viewing them in the light most favorable to the plaintiff, whether or not the plaintiff has stated any valid ground for relief. Ferran v. Town of Nassau, 11 F.3rd 21, 22 (2d Cir. 1993), cert. denied, 513 U.S. 1014 (1994). The court may grant a Rule 12(b)(6) motion only where "`it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The defendant moves to dismiss plaintiffs' Complaint on grounds that their claims are barred by the doctrine of res judicata. Specifically, defendant contends that because plaintiffs

previously brought or could have the discrimination claims underlying their administrative complaint in their two previous federal court actions, they are barred by the doctrine of <u>res judicata</u> from seeking yet another review of those claims in this federal proceeding.

Plaintiffs oppose defendant's motion on grounds that the <u>res judicata</u> doctrine does not apply in this case because the plaintiffs did not have a full and fair opportunity to litigate their claims in their previous federal actions; that the issues in those actions differed from the discrimination issues raised in the underlying administrative proceeding; and that in any event, courts should construe the doctrine of res judicata narrowly so as to allow parties an opportunity to litigate their claims.

II. <u>Plaintiff's Claims are Barred by the Doctrine of Res Judicata</u>

The doctrine of <u>res judicata</u>, or claim preclusion, provides that "a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were <u>or could have been raised in that action</u>." <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980) (citations omitted) (emphasis added); <u>LaTrieste Restaurant and Cabaret, Inc. v. Village of Port Chester</u>, 40 F.3d 587 (2d Cir. 1994). The purpose of the doctrine is to provide finality to parties who have come before the courts to resolve their disputes. Accordingly, the doctrine prevents relitigation of claims asserted in a previous action, as well as claims that <u>could</u> have been

asserted in that action.  See Cromwell v. County of Sac, 94 U.S. 351, 352 (1876)(under the doctrine of res judicata, a judgment entered on the merits in a previous action "is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose").

"It is appropriate to determine whether a complaint is barred by res judicata on a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)." Gould v. National Westminster Bank, U.S.A., 2000 WL 1339292, *3 (D.Conn.,2000)(citing  Southard v. Southard, 305 F.2d 730, 732 & n. 1. (2d Cir.1962). To determine whether or not the doctrine of res judicata applies to preclude litigation, the court must determine whether or not the judgment in the previous action was: "(1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." Stephenson v. Dow Chemical Co., 273 F.3d 249 (2nd Cir. 2001)(citing Anaconda-Ericsson Inc. v. Hessen (In re Teltronics Servs., Inc., 762 F.2d 185, 190 (2d Cir., 1985)).

In the instant case, two final judgements on the merits of plaintiffs claims were issued by a Federal District Court, which is a court of competent jurisdiction.  Moreover, the previous federal actions brought by the plaintiffs involved the same defendant named in this action.  Therefore, because three of the four factors for

applying res judicata have been met, this court need only determine whether or not the prior cases involved "the same cause of action."

To determine whether or not claims in a second lawsuit involve "the same cause of action" as claims brought in the first action, courts determine whether or not "the same transaction or a connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second [action] were present in the first [action]. NLRB v. United Technologies, 706 F.2d 1254, 1260 (2nd Cir. 1983).

I find that plaintiffs' discrimination claims set forth in the underlying administrative complaint were, or could have been raised in the preceding federal court actions. Initially, it is clear from the plaintiffs' formal administrative complaint filed in 1999, and their letter complaints filed in January, 1997, that much of the discrimination alleged in the administrative complaint took place before plaintiffs filed their first federal case in 1992, and all of it took place prior to the filing of their second federal complaint in 1995. Therefore, in terms of timing, because the discrimination occurred prior to the filing of their last federal complaint, plaintiffs had an opportunity to raise such claims of discrimination in their second federal case.

Secondly, the plaintiffs explicitly raised in their administrative case the same claims that were raised in their 1992 federal case. Those claims included claims of civil rights

violations with respect to the serving of their loans. The January, 1997 letters that initiated plaintiffs' complaints specifically referenced the 1992 Complaint, and each letter included a copy of that Complaint. Those claims were dismissed by Judge Larimer, and the dismissal of those claims was affirmed by the Second Circuit Court of Appeals, which constitutes a dismissal of those claims on the merits. Sweater Bee by Banff, Ltd. v. Manhattan Industries, Inc., 754 F.2d 457, 462 (2nd Cir. 1985). Because these claims were dismissed on their merits by Judge Larimer, the claims are barred from relitigation or further review by the doctrine of res judicata.

Plaintiffs contend that certain of their discrimination claims were not raised in the prior proceedings and therefore those claims may not be precluded under the doctrine of res judicata. However, because the plaintiffs could have raised those issues in the prior proceedings, those claims are barred. Moreover, even if the plaintiffs were to allege different forms of discrimination than they alleged in their previous actions, "[n]ew legal theories do not amount to a new cause of action so as to defeat the application of the principle of res judicata." In re Teltronics Servs., Inc., 762 F.2d at 193. Accordingly, I find that plaintiff's action is barred by the doctrine of res judicata.

Finally, plaintiffs contend that they did not have a full and fair opportunity to litigate their claims in the previous federal actions, and therefore, their claims in this case should not be

precluded. There is, however, no evidence to support plaintiffs' claims. Though the plaintiffs may have proceeded pro se, they received a full and fair opportunity to litigate their claims, and indeed, litigated their claims to the Second Circuit Court of Appeals. While plaintiffs may not have skillfully presented their claims, they were never denied an opportunity to present them. Accordingly, I find plaintiffs' claim that they were denied a full and fair opportunity to litigate their claims frivolous as a matter of law and fact.

## CONCLUSION

For the reasons set forth above, I grant defendant's motion to dismiss, and dismiss plaintiffs' Complaint with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         February 2, 2006